UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANNON V. BLAKE,<br><br>  Plaintiff,<br><br>v.<br><br>ELUL, LLC, ERAN ISRAEL, CHANIE ISRAEL and SHIRAN BIHAR,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:20-cv-2107-JPB |

## **ORDER**

This matter is before the Court on *pro se* plaintiff Shannon Blake's ("Blake") letter to the Court, which the Clerk construed as a Motion for Reconsideration ("Motion"). ECF No. 36. After due consideration of the Motion, the Court finds as follows:

### **I.    BACKGROUND**

The Court dismissed Blake's Complaint for failure to comply with the Court's January 8, 2021 Order ("January 8 Order"), which directed Blake to respond to the defendants' motion to dismiss by Friday, January 22, 2021. The January 22 response deadline was set after Blake failed to respond to the motion to dismiss by the applicable deadline and within the additional time allowed by the

magistrate judge.  The Court emphasized in the January 8 Order that "[f]ailure to comply with [the] Order ***shall*** result in dismissal of [the] action."

Yet, Blake, again, failed to respond to the motion by this third deadline.  Her response was filed on January 29, 2021, three days after the Court dismissed the case.

Blake does not contend that she lacked timely notice of the Court's January 8 Order.  Rather, she states that while she received "notice" on January 17 that copies of the motion to dismiss papers had arrived in her mailbox, she could not retrieve the papers at that time due to personal circumstances.[1]  The Court notes that Blake did not seek an extension of the deadline or another form of relief.

## II.  DISCUSSION

"Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle."  *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014).  Indeed, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

---

[1] The Court directed the defendants to provide copies of the motion papers to Blake because she maintained that she never received them.

Similarly, Local Rule 7.2(E) dictates that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and may be filed only when "absolutely necessary." "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Thus, "neither Rule 59(e) nor Local Rule 7.2E affords a dissatisfied party an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Chesnut*, 17 F. Supp. 3d at 1370.  A motion for reconsideration is not "an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259.

Here, Blake's Motion is not based on any of the applicable grounds for reconsideration.  Therefore, relief is not warranted, and her Motion (ECF No. 36) is **DENIED**.

**SO ORDERED** this 2nd day of August, 2021.

_____
J. P. BOULEE
United States District Judge